**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| HANNAH PRIDDY, | |
| Plaintiff, | Case No.: |
| v. | |
| DR. NOAH'S ARK VETERINARY CLINIC; NOAH ARNOLD; ABC INSURANCE COMPANY, | Jury Trial Demanded |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, Hannah Priddy ("Plaintiff"), by her attorneys, Cade Law Group, LLC, and as for her Complaint against Defendants Dr. Noah's Ark Veterinary Clinic, Noah Arnold, and ABC Insurance Company (collectively "Defendants", unless otherwise noted) alleges and shows to the Court as follows:

### INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex undertaken by Defendants, and to provide appropriate relief to Plaintiff, Hannah Priddy.

2. Sexual harassment is a form of sex discrimination that violates Title VII. Unwelcome sexual advances and other verbal or physical conduct of a sexual nature constitute sexual harassment to the extent it affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating,

hostile, or offensive work environment. This action seeks to provide appropriate relief to Plaintiff on this basis.

3. Title VII also bars retaliation against employees who seek to correct unlawful employment practices on the basis of sex undertaken by Defendants. This action seeks to provide appropriate relief to Plaintiff on this basis.

4. As alleged with greater particularity below, Defendants engaged in unlawful employment discrimination against Plaintiff on the basis of her sex, and/or harassed and/or tolerated sexual harassment against her, and/or retaliated against her under Title VII.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6. Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to action under Title VII of the Civil Rights Act of 1964, by timely filing a charge of discrimination with the EEOC on November 9, 2021, respectively. *See* **Exhibit A**.

7. Plaintiff received notices of right to sue on April 1, 2022. *See* **Exhibit B.**

8. This Court has supplemental jurisdiction over any other claims Plaintiff could make, pursuant to 28 U.S.C. §1367, because they would form part of the same case or controversy as the aforementioned claims.

9. Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as

Plaintiff worked for Defendant Dr. Noah's Ark Veterinary Clinic in Shorewood, Wisconsin, which is in the Eastern District of Wisconsin, and Defendants live and/or do business in the Eastern District of Wisconsin.

**PARTIES**

10. Plaintiff Hannah Priddy ("Plaintiff" or "Ms. Priddy") is an adult female citizen of the State of Wisconsin and residing in Iron Ridge, Wisconsin. She is twenty-seven (27) years of age.

11. Defendant Dr. Noah's Ark Veterinary Clinic ("Dr. Noah's Ark") is, and was at all material times, a Wisconsin for-profit corporation located and organized in the State of Wisconsin, for the purposes of providing veterinary services. Defendant Dr. Noah's Ark Veterinary Clinic's principal place of business is located at 4604 N. Wilson Drive, Shorewood, Wisconsin 53211.

12. Defendant Noah Arnold is, and was at all material times, an adult white male residing, working, and doing business in the State of Wisconsin. He also is the Registered Agent of Defendant Dr. Noah's Ark Veterinary Clinic, with an address of 4606 N. Wilson Drive, Shorewood, WI 53211 and is, by reasonable belief, a licensed veterinarian and the owner of Defendant Dr. Noah's Ark Veterinary Clinic. Upon information and belief, Noah Arnold has a new personal address of 9600 Lake Drive, Bayside, Wisconsin 53217.

13. Defendant ABC Insurance Company is believed to be, and is believed to have been at all material times, an insurance company that had in place a policy or policies which insured, totally or partially, Defendants Dr. Noah's Ark and/or Noah Arnold for any or all liability for their actions against Plaintiff.

# FACTS

14. Plaintiff was employed by Defendants, Noah Arnold and Noah's Ark Veterinary Clinic, as a Receptionist. She began her employment with Dr. Noah's Ark in February 2017.

15. Plaintiff's employment with the Defendant was fraught with a constant series of inappropriate interactions and incidents that made her fear for her job and personal safety. Specifically, Noah Arnold habitually engaged in conversations with Plaintiff that she found appalling and disgusting, including conversations concerning explicit and graphic descriptions of sexual intercourse, drug, use, and marital affairs Noah Arnold was involved in. Noah Arnold also routinely forced Plaintiff into uncomfortable situations between him, his wife, and his several mistresses.

16. Early into Plaintiff's tenure, Plaintiff became aware of an affair Noah Arnold was having with the Office Manager. Noah Arnold's wife found out about the affair and shortly after, pressured him to terminate the Office Manager, who was subsequently terminated.

17. Following this affair, Noah Arnold had several other affairs with Plaintiff's co-workers and continually asked Plaintiff to cover-up about the affairs and lie to his wife. In one such affair, Plaintiff witnessed Noah Arnold and a co-worker engage in sexual conduct in examination rooms at the clinic and after-work outings, such as when Noah Arnold invited his wife, the co-worker, and staff to Sundara's Resort. Throughout the evening, Noah Arnold and the co-worker attempted to sneak out on their own with the expectation that Plaintiff would cover for them with Noah Arnold's wife. After receiving pressure from his wife, Noah Arnold eventually terminated the co-worker, but continued

to have an affair with her and talk about it with Plaintiff at the clinic. This situation made Plaintiff uncomfortable and further, feel that she was at a disadvantage by not being romantically involved with Noah Arnold as the co-worker was awarded a pay raise and important clinical assignments that Plaintiff did not receive.

18. In another instance, Noah Arnold detailed to Plaintiff an affair he was having with his best friend's wife. Noah Arnold stated he, his best friend, and his best friend's wife got high on valium and blacked out on the bed, and that he and the wife proceeded to have sex while his best friend was still blacked out. Noah Arnold went on to describe how his best friend's wife gave him oral sex. He laughed and said, "her face isn't that good but her body's okay." Noah Arnold also showed Plaintiff and her co-workers sexually explicit photographs of the friend's wife that she sent to him throughout the workday. Noah Arnold later hired his best friend as the clinic's Human Resource Manager, which made it awkward for Plaintiff to complain about Noah Arnold's behavior.

19. Noah Arnold also had an affair with a co-worker that Plaintiff went to high school with. When Noah Arnold learned of Plaintiff's relationship with this mistress, he continually involved Plaintiff in situations she did not want to be in, such as accompanying him to the mistress's house, after which he would describe in detail his sexual activity and show Plaintiff graphic sexual photos the mistress sent to him.

20. On numerous occasions, Noah Arnold asked Plaintiff very detailed questions about her sex life, including what things she had tried sexually and what things she wanted to try with her past boyfriends and/or fiancé. Noah Arnold also took Plaintiff to house calls, during which he would often ride shirtless and consume drugs. During some of the house calls, Plaintiff waited in the car while Noah Arnold visited a mistress

5

Case 2:22-cv-00474-SCD   Filed 04/18/22   Page 5 of 12   Document 1

or argued with his wife. One of the arguments resulted in Noah Arnold becoming so gravely wounded that he drove back to the clinic in a weakened state and had to suture himself. The wound became infected and Plaintiff had to care for it because Noah Arnold was not welcomed back into his home. Once again, Plaintiff was asked to cover up the incident. This incident traumatized Plaintiff, and further, it caused her to fear for her job because Noah Arnold's mother, who also served as the Office Manager, eventually found out and became upset at her. These situations made it extremely stressful and uncomfortable for Plaintiff to be in Noah Arnold's presence.

21. Noah Arnold constantly talked about inappropriate things to Plaintiff and in front of her co-workers. For example, Noah Arnold told Plaintiff that, when he was a child, he often caught his dad masturbating and watching pornographic movies. On multiple occasions he also described how he and his daughter have a "special nighttime ritual" in which his daughter rubs herself between her legs while he plays guitar next to her bed. Noah Arnold proceeded to joke that his daughter would someday need therapy and that she may not be able to climax without hearing his voice. He also talked about how his son masturbates in public, including once while getting a haircut. Plaintiff found these conversations unspeakably disturbing.

22. One afternoon, as Plaintiff was walking into the office and Noah Arnold was walking out, Noah Arnold grabbed Plaintiff's face, pulled it toward him, kissed her on the mouth, laughed in her face, and walked away. Plaintiff was shocked, humiliated, and fearful of losing her job in the event Noah Arnold's wife found out about the incident (Plaintiff had once seen a message from Dr. Arnold's wife which said she wanted Plaintiff dead for covering up his affairs). Plaintiff did not report the incident to the Office Manager,

who was Noah Arnold's mother, because of her relationship to Noah Arnold and because his mother had downplayed prior complaints from other employees.

23. Toward the end of Plaintiff's employment, Noah Arnold opened a new clinic and hired a technician who he immediately began to have an affair with. On at least one occasion, Plaintiff caught Noah Arnold and the technician in bed in an upstairs bedroom at the clinic. Even when Plaintiff knocked on the door as instructed, Noah Arnold and the technician would not get out of bed upon her entering the room.

24. Over the course of Plaintiff's employment, Noah Arnold used her phone to text his mistresses, to access profiles of female co-workers who had blocked him, and to read her personal text messages. When Plaintiff refused to give Noah Arnold her phone, he hacked into it while she left it unattended. He also made lewd comments about how Plaintiff's body looked in a swimsuit, how her "ass looked like a black girl's ass", and how they should be inappropriate with each other so he had something to "blackmail" her with. At a staff get-together, he encouraged employees to participate in group massages using an in-room jacuzzi, and brought alcohol and drugs for the them to consume, all of which made Plaintiff uncomfortable.

25. On March 20, 2021, Noah Arnold texted Plaintiff to call him back to discuss work-related things. Due to past instances in which Noah Arnold had manipulated Plaintiff into calling back only to discuss non-work related matters, Plaintiff texted back and detailed exactly what had been accomplished at the clinic that afternoon. Plaintiff elaborated that she was unable to speak over the phone, either that day or the next, due to being with her family from out of town. Noah Arnold ended the conversation by telling Plaintiff to take Monday off and they would speak on Tuesday.

26. Plaintiff took Monday off as instructed. On Monday morning, she received a text from Noah Arnold saying, "I need you more than ever and you won't even reply to me". I don't know what to think might be going on, but this is not the Hannah I'm used to". Noah Arnold sent a subsequent message saying, "Please don't come back until you call me. This is not paid leave (you're also welcome to call Phil or Ben or my mom)." **See Exhibit C**.

27. When eventually Plaintiff talked to Noah Arnold, they discussed Noah Arnold's concerns that Plaintiff was not minding him anymore and her questions about Noah Arnold wrongfully terminating her co-worker, Garrett. During their conversation, Noah Arnold divulged personal information about Garrett and lied about why he was fired. Plaintiff told Noah Arnold his rationale for terminating Garrett was wrong.

28. On March 29, 2021, Noah Arnold terminated Plaintiff. The Human Resource Manager, Ben, told Plaintiff the rationale was "job abandonment", which Plaintiff asserts is untrue.

29. Because Noah Arnold is the owner of the clinic, the Office Manager is his mother, and the Human Resources Manager is friend of Noah Arnold with whose wife Noah Arnold had an affair, Plaintiff felt trapped and did not think anyone at the clinic could help her.

30. Noah Arnold's conduct was so incessant and pervasive that Plaintiff had trouble sleeping and had to seek professional help to cope with the constant stress and anxiety. As a direct cause of Noah Arnold's actions, Plaintiff suffered damages including but not limited to: emotional distress, physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other

8
Case 2:22-cv-00474-SCD    Filed 04/18/22    Page 8 of 12    Document 1

expenses as allowed by law.

## COUNT I – SEX DISCRIMINATION AND SEXUAL HARASSMENT

31. Plaintiff realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

32. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff on the basis of her sex when Defendant Dr. Noah's Ark Veterinary Clinic tolerated Defendant Noah Arnold's sexual harassment of Plaintiff and/or failed or refused to timely and adequately investigate her internal complaint of sexual harassment, and/or failed or refused to timely and adequately address Defendant Noah Arnold's sexual harassment, and/or failed or refused to timely and adequately protect Plaintiff from Defendant Noah Arnold's sexual harassment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

33. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff on the basis of her sex when they made decisions about her employment, including the decision to terminate her employment, for reasons related to her sex in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

34. As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT II – HOSTILE WORK ENVIRONMENT

35. Plaintiff realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

36. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff on the basis of her sex when Defendant Noah Arnold engaged in a pattern of unwelcome sexual advances and/or other verbal or physical conduct of a sexual nature that unreasonably interfered with Plaintiff's work performance and/or created an intimidating, hostile, or offensive work environment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

37. As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT III – RETALIATION

38. Plaintiff realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

39. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully and intentionally retaliated against Plaintiff for participating in legally-protected activity in the workplace by allowing Defendant Noah Arnold to intimidate and confront Plaintiff about her internal complaint of sexual harassment and about her conversations with coworkers revealing the discriminatory nature of the termination of her employment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act

of 1964 as amended.

40. As a result of Defendants' intentional retaliation, Plaintiff has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

**COUNT IV – PUNITIVE DAMAGES**

41. Plaintiff realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

42. Defendants ignored the long pattern of sexual harassment to which Defendant Noah Arnold subjected Plaintiff. Defendant Dr. Noah's Ark's Human Resources Manager, Janet Arnold, was aware of Noah Arnold's conduct and the situations he subjected Plaintiff to and did nothing to address it.

43. Plaintiff tried to resolve the present case extrajudicially. One of her conditions was that Defendants conduct anti-harassment training in the workplace, and that Defendant Noah Arnold undergo therapy or counseling. Defendants ignored these demands.

44. Plaintiff is entitled to punitive damages because Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold were reckless and malicious in discriminating, harassing, and retaliating against Plaintiff; tolerating the discrimination, harassment, and retaliation of Plaintiff; and/or ignoring Plaintiff's attempts to enact remedial measures that would have protected employees from harassment.

**RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

a. Enter a judgment that Defendants violated Title VII of the Civil Rights Act of 1964, as amended;

b. Enter judgment against Defendants and in favor of Plaintiff for compensatory damages;

c. Enter judgment against Defendants and in favor of Plaintiff for monetary relief;

d. Enter judgment against Defendants and in favor of Plaintiff for punitive damages;

e. Order Defendants to reinstate Plaintiff;

f. Award Plaintiff the costs of this action and reasonable attorney's fees; and

g. Grant Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by a jury of her peers on all issues of fact.

Dated this 18th day of April, 2022.

> **CADE LAW GROUP, LLC**
> Attorneys for Plaintiff
>
> By: *s/Nathaniel Cade, Jr*
> Nathaniel Cade, Jr.
> Antonique Williams
> Annalisa Pusick
> P.O. Box 170887
> Milwaukee, WI 53217
> (414) 255-3802 (phone)
> nate@cade-law.com
> antonique@cade-law.com
> annalisa@cade-law.com