UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**HANNAH PRIDDY,**
    Plaintiff,

Case No.: 2:22-cv-00474-SCD

v.

**DR. NOAH'S ARK VETERINARY CLINIC,
NOAH ARNOLD, ABC INSURANCE
COMPANY,**
    Defendants,

## ANSWER TO PLAINTIFF'S COMPLAINT

  **NOW COMES** the above-named defendant, Noah Arnold, more appropriately styled as the Estate of Noah S. Arnold by his personal representative, Joshua Schulman, by their attorneys, Schellinger & Associates, LLC, by Neal C. Schellinger, defending under a reservation of rights on the merits, and as and for an Answer to the Plaintiff's Complaint admits, denies, and alleges as follows:

1. In response to paragraph 1 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

2. In response to paragraph 2 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

3. In response to paragraph 3 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

4. In response to paragraph 4 of the Plaintiff's Complaint, deny knowledge and/or

information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

5. In response to paragraph 5 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

6. In response to paragraph 6 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

7. In response to paragraph 7 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

8. In response to paragraph 8 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

9. In response to paragraph 9 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

10. In response to paragraph 10 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

11. In response to paragraph 11 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

12. In response to paragraph 12 of the Plaintiff's Complaint, admit that Noah Arnold was an adult individual and that he was the registered agent for the corporation titled Dr. Noah's

Ark Veterinary Clinic, Inc. with an address of 4606 N Wilson Drive, Shorewood, WI 53211 53211; by way of further response to the remainder of said paragraph, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

13. In response to paragraph 13 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

14. In response to paragraph 14 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

15. In response to paragraph 15 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

16. In response to paragraph 16 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

17. In response to paragraph 17 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

18. In response to paragraph 18 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

19. In response to paragraph 19 of the Plaintiff's Complaint, deny knowledge and/or

information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

20. In response to paragraph 20 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

21. In response to paragraph 21 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

22. In response to paragraph 22 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

23. In response to paragraph 23 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

24. In response to paragraph 24 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

25. In response to paragraph 25 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

26. In response to paragraph 26 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

27. In response to paragraph 27 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

28. In response to paragraph 28 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

29. In response to paragraph 29 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

30. In response to paragraph 30 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

31. In response to paragraph 31 of the Plaintiff's Complaint, reallege and incorporate herein by reference as though fully set forth each and every admission, denial, and affirmative allegation contained in paragraphs 1 through 30 of the foregoing Answer.

32. In response to paragraph 31 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

33. In response to paragraph 33 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

34. In response to paragraph 34 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

35. In response to paragraph 35 of the Plaintiff's Complaint, reallege and incorporate herein by reference as though fully set forth each and every admission, denial, and affirmative allegation contained in paragraphs 1 through 34 of the foregoing Answer.

36. In response to paragraph 36 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

37. In response to paragraph 37 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

38. In response to paragraph 38 of the Plaintiff's Complaint, reallege and incorporate herein by reference as though fully set forth each and every admission, denial, and affirmative allegation contained in paragraphs 1 through 37 of the foregoing Answer.

39. In response to paragraph 39 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

40. In response to paragraph 40 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

41. In response to paragraph 41 of the Plaintiff's Complaint, reallege and incorporate herein by reference as though fully set forth each and every admission, denial, and affirmative allegation contained in paragraphs 1 through 40 of the foregoing Answer.

42. In response to paragraph 42 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein,

and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

43. In response to paragraph 43 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

44. In response to paragraph 44 of the Plaintiff's Complaint, deny knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same and put the plaintiff to their strict burden of proof thereon.

## AFFIRMATIVE DEFENSES

1. Upon information and belief, service over one or more defendants was insufficient and/or untimely.
2. Upon information and belief, and in order not to waive any defense, assert all affirmative defenses available under Rule 12(b) 1 through 7.

**WHEREFORE**, these answering defendants demand judgment dismissing the Plaintiff's Complaint, upon its merits, together with the costs and disbursements of this action.

Dated at Waukesha County, Wisconsin this 12th day of July, 2022.

SCHELLINGER & ASSOCIATES, LLC
Attorneys for the Defendant Noah Arnold, more appropriately styled as the Estate of Noah S. Arnold by his personal representative, Joshua Schulman.

P.O. ADDRESS:
316 North Grand Avenue
Waukesha, WI 53186
Phone: (262) 522-7474
Facsimile: (262) 522-7471

By: s/*Neal C. Schellinger*
Neal C. Schellinger
State Bar No.: 1000034