| | |
|---|---|
| HANNAH PRIDDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 22-CV-00474 |
| | ) |
| | ) |
| DR. NOAH'S ARK VETERINARY CLINIC, | ) |
| NOAH ARNOLD; ABC INSURANCE | ) |
| COMPANY, | ) |
| Defendants. | ) |

---

## STATE FARM FIRE AND CASUALTY COMPANY'S INTERVENOR COMPLAINT FOR DECLARATORY JUDGMENT

---

Intervenor State Farm Fire and Casualty Company, by and through its attorneys, Meissner Tierney Fisher & Nichols, S.C., as and for its Intervenor Complaint for Declaratory Judgment in the above titled action, alleges and shows the Court as follows:

### PARTIES

1.      State Farm Fire and Casualty Company is a foreign insurance company licensed to do business in the state of Wisconsin with registered agent, Corporation Service Company, located at 8040 Excelsior Drive, Suite 400 Madison, Wisconsin, and its principal place of business located at One State Farm Plaza, Bloomington, Illinois.

2.      Upon information and belief, Plaintiff Hannah Priddy is an adult female citizen of the State of Wisconsin living in Iron Ridge, Wisconsin.

3.      Defendant Dr. Noah's Ark Veterinary Clinic ("Noah's Arc") was, at all relevant times, a corporation providing veterinary services and organized in the State of Wisconsin, with a principal place of business located at 4604 N. Wilson Drive, Shorewood, Wisconsin 53211.

4.      Defendant Noah Arnold, more appropriately styled as the Estate of Noah S. Arnold by his personal representative Joshua Schulman ("Noah Arnold"), was an adult resident of Wisconsin residing at 9600 N. Lake Drive in Bayside, Wisconsin. Upon information and belief, he was additionally a licensed veterinarian and the owner of Noah's Arc Veterinary Clinic.

## VENUE AND JURISDICTION

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, and Title VII of the Civil Rights Act of 1964 "(Title VII") § 706(f) (1) and (3), as amended 42 U.S.C. § 2000e-5(f)(1) and (3); and 42 U.S.C. § 1981(a) – Equal rights under the law.

6.      Upon information and belief, Plaintiff has complied with the predicate conditions imposed under U42 U.S.C. § 2000e-5(f)(1) by filing a charge with Equal Employment Opportunity Commission on November 9, 2021.

7.      This Court has jurisdiction over any other claims pursuant to 28 U.S.C. § 1367 as arising out of the same case or controversy as those identified in ¶5 above.

8.      Venue is proper as Plaintiff was employed in, the Estate of Noah S. Arnold resided in, and Defendant Noah's Arc Veterinary Clinic principal place of business was in Shorewood Wisconsin. State Farm does substantial business in the Eastern District of Wisconsin.

## PLAINTIFF'S ALLEGATIONS

9.      On April 18, 2022 Plaintiff filed her Complaint in the above captioned action against Defendants Noah Arnold and Noah's Arc and ACB Insurance company (collectively the "Defendants"). (Compl. Dkt. No. 1.)

10. In the Complaint Plaintiff alleges the following against Defendants:

a. Plaintiff was employed by Defendants from February 2017 through her allegedly wrongful termination on March 29, 2021.

b. During her tenure defendant Noah Arnold subjected Plaintiff to a series of inappropriate interactions that included: conversing about his sexual encounters and partners in graphic detail; asking Plaintiff to cover up affairs Noah Arnold was having as to both his wife and mother who was the office manager of Noah's Arc; having Plaintiff accompany him to the home of his mistress whereby he would recount their interactions; asking Plaintiff about her own sexual encounters; commenting on Plaintiff's physical appearance in a lewd manner; touching and kissing Plaintiff without her consent; openly engaging in sexual conduct at Noah's Arc that Plaintiff witnessed; and emotionally manipulating Plaintiff with respect to her further employment at Noah's Arc.

c. During her tenure defendant Noah's Arc permitted Plaintiff to be subjected to the conduct described in ¶10(b) above. Further it failed or refused to timely and adequately investigate or address complaints related to the conduct described in ¶10(a) above, failed to protect Plaintiff from interaction with defendant Noah Arnold, failed to address the behavior of Noah Arnold and allowed defendant Noah Arnold to confront Plaintiff about her complaints regarding his behavior as alleged in ¶10(b) above.

11. Accordingly, in the Complaint, Plaintiff alleges the following causes of action against Defendants: (1) Sex Discrimination and Sexual Harassment – Title VII of the Civil Rights

(2) Hostile Work Environment – Title VII of the Civil Rights Act of 1964 (3) Retaliation – Title VII of the Civil Rights Act of 1964.

## THE STATE FARM POLICY

12.    State Farm issued Defendant Noah Arnold a Homeowners Policy, No. 49-CF-P248-8 with a policy period from August 30, 2020 through August 30, 2021 (the "Homeowners Policy") and a Personal Liability Umbrella Policy, No. 49-B7-X058-6 with a policy period from September 18, 2020 through September 18, 2021 (the "PLUP") (collectively referred to as "the State Farm Policies"). A certified copy of each policy is attached hereto as Exhibit 1 (the "Homeowners Policy") and Exhibit 2 (the "PLUP") and incorporated herein by reference.

13.    Relevant to this action, the Homeowner's Policy provides Coverage L - Personal Liability Insurance in accordance with the terms, conditions, exclusions and limitations therein.

14.    Under the Homeowner's Policy, Personal Liability is triggered:

    a.    "If a claim is made or suit is brought against an *insured* for damages because of *bodily injury* or *property damage* to which this coverage applies, caused by an **occurrence**…"

        i.    The term "**occurrence**" is defined within Coverage L – Personal Liability Coverage as: "an accident".

        ii.    The term "bodily injury" is defined under the Homeowners Policy as "physical injury, sickness, or disease to a person. This includes care, loss of services, and death resulting therefrom.

        Bodily injury does not include:

        \*\*\*

emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person."

ii. The term "property damage" is defined under the Homeowners Policy as "physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any insured is not property damage."

15. The Homeowner's Policy L – Personal Liability Coverage includes the following exclusions:

    a. Coverage L and Coverage M do not apply to:

        1. ***Bodily injury*** or ***property damage*** that:

           a. Was a result of a:
             (1) Willful and malicious; or
             (2) Criminal; or
             (3) Act or omission of the ***insured***;

           b. Was intended by the ***insured***; or
             i. Would have been expected by the ***insured*** based on a reasonable person standard.

                ("a. – intentional acts exclusion")

       \*\*\*

        *2.* ***bodily injury*** or ***property damage*** arising out of ***business*** pursuits of any ***insured***, except as provided in item c. below. This exclusion does not apply to activities that are ordinarily incident to non-***business*** pursuits

                ("b. – business pursuits exclusion")

       \*\*\*

        3. ***bodily injury*** or ***property damage*** arising out of any actual, alleged, or threatened:

           (1) sexual harassment, sexual molestation, or sexual misconduct;

(2) physical or mental abuse; or
(3) corporal punishment
by the *insured*

("n. – sexual harassment exclusion")

16.     Relevant to this action, the PLUP provides Coverage L – Personal Liability Insurance coverage in accordance with the terms, conditions, exclusions, and limitations therein.

17.     Under the PLUP Policy, Personal Liability is triggered:

a.      "If a claim is made or suit is brought against an **insured** for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, **we** will pay on behalf of the **insured**, the damages that exceed the **retained limit**."

b.      The term "**loss**" is defined under the PLUP Policy as:

    i.      An accident, including accidental exposure to conditions, which first results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or
    ii.     The commission of an offense which first results in **personal injury** during the policy period. A series of similar or related offenses is considered to be one **loss**.

c.      The terms "bodily injury" is defined under the PLUP as:

    i.      "bodily injury" means physical injury, sickness or disease to a person, including death resulting therefrom.
    ii.     Bodily injury does not include:
\*\*\*

    c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury or any resulting physical injury unless it arises out of actual physical injury to some person.

d. The term "property damage" is defined under the PLUP as:

    i. "property damage" means physical damage to or destruction of tangible property, including the loss of use of such property. Tangible property does not include computer programs or data or the reconstructions

of computer programs of data. Theft or conversion of property by an insured is not property damage.

18. The PLUP Policy includes the following Exclusions:
   a. **loss** arising out of any **alleged or actual:**
      i. sexual harassment;
      ii. sexual molestation; or
      iii. discrimination prohibited by law;
      by the insured

                                    ("3. – sexual harassment exclusion")

\*\*\*

   b. Loss arising out of any **insured's business property** or **business** pursuits of any **insured**.

                                    ("6. – business pursuits exclusion)

\*\*\*

   c. Bodily injury or property damage which is:
      (a) Either expected or intended by the **insured**; or
      (b) The result of any willful and malicious act of the **insured.**

                                    ("14. – intentional acts exclusion")

19. Defendant Noah Arnold tendered defense of this action to State Farm under the Homeowners Policy and the PLUP Policy. State Farm is providing a defense to Noah Arnold pursuant to a reservation of rights, with State Farm reserving its right to seek a judicial declaration of its obligations under the State Farm Policies, including its continuing duty to defend and indemnify Noah Arnold for claims asserted in this case.

## COUNT I - DECLARATORY JUDGMENT (HOMEOWNERS POLICY)

20. State Farm realleges and incorporates by reference the allegations set forth in Paragraphs 1-19 above.

21. A real and justiciable controversy exists between State Farm, Plaintiff, and Defendants as to what defense and indemnity obligations State Farm has under the Personal

Liability provisions of the Homeowner's Policy with respect to the claims brought and damages sought.

22.     Some or all of the claims asserted by Plaintiff against Noah Arnold are not covered and/or are excluded from Personal Liability Coverage by the terms of the State Farm Homeowners Policy for the following reasons: (1) some or all of the claims asserted by Plaintiff do not arise from an "occurrence" as defined by the Homeowners Policy Coverage L – Personal Liability; (2) some or all of the claims asserted do not seek "damages" as defined by the Homeowner Policy Coverage L – Personal Liability; (3) some or all of the claims asserted are excluded by the application of the exclusions contained in the Homeowners Policy Coverage L – Personal Liability Coverage, including but not limited to the "a. - intentional acts exclusion", the "b. - business pursuits exclusions", and/ or the "n. - sexual harassment exclusion".

23.     As to damages, Homeowner's Policy Coverage L – Personal Liability provides:

a.  "If a claim is made or suit is brought against an *insured* for damages because of *bodily injury* or *property damage* to which this coverage applies, caused by an **occurrence,** we will:

i.  "Pay up to our limit of liability for the damages for which the *insured* is legally liable."

24.     Upon information and belief, the compensatory damages claimed by Plaintiff do not arise from "bodily injury" or "property damage" as defined by the Homeowners Policy and may be precluded thereunder.

25.     Upon information and belief, Count I – Sex Discrimination and Sexual Harassment, Count II - Hostile Work Environment, and Count III - Retaliation claims, include allegations of conduct that is willful, malicious, intentional, and/ or a violation of law and fall within the scope

of the "a. - intentional acts exclusion" contained within the Homeowner's Policy Coverage L – Personal Liability.

26.    Upon information and belief, the Count I – Sex Discrimination and Sexual Harassment and Count II – Hostile Work Environment claims, include allegations of conduct that is the result of sexual harassment, sexual misconduct, or mental abuse and fall within the scope of the "n. - sexual harassment" exclusion contained within the Homeowner's Policy Coverage L – Personal Liability.

27.    Upon information and belief, the Count I – Sex Discrimination and Sexual Harassment, Count II – Hostile Work Environment, and Count III – Retaliation claims, include allegations arising out of Plaintiff's employment by Noah Arnold and fall within the scope of the "b. – business pursuits" exclusion contained within the Homeowner's Policy Coverage L – Personal Liability.

## COUNT II – DECLRATORY JUDGMENT (PLUP POLICY)

28.    State Farm realleges and incorporates by reference the allegations set forth in Paragraphs 1-27 above.

29.    A real and justiciable controversy exists between State Farm, Plaintiff, and Defendants as to what defense and indemnity obligations State Farm has under the Personal Liability provisions of the PLUP Policy with respect to the claims brought and damages sought.

30.    Some or all of the claims asserted by Plaintiff against Noah Arnold are not covered and/or are excluded from Coverage L - Personal Liability by the terms of the State Farm PLUP Policy for the following reasons: (1) some or all of the claims asserted by Plaintiff do not arise from a "loss" as defined by the PLUP Policy Coverage L – Personal Liability; (2) some or all of the claims asserted do not seek covered "damages" as defined by the PLUP Policy L – Personal

Liability Coverage; (3) some or all of the claims asserted are excluded by application of the exclusions contained in the PLUP Policy Coverage L – Personal Liability, including but not limited to the "14. - intentional acts exclusion", the "6. - business pursuits exclusions", and/ or the "3. - sexual harassment exclusion".

31.　　As to damages, PLUP Policy Coverage L – Personal Liability provides:

    a.　"If a claim is made or suit is brought against an *insured* for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, **we** will pay on behalf of the **insured** damages that exceed the **retained limit**…"

      i.　"loss" means:

        a.　an accident, including accidental exposure to conditions, which first results in **bodily injury** or **property damage**.

32.　　Upon information and belief, the compensatory damages claimed by Plaintiff do not arise from "bodily injury" or "property damage" as defined by the PLUP Policy and may be precluded thereunder

33.　　Upon information and belief, the Count I – Sex Discrimination and Sexual Harassment, Count II- Hostile Work Environment, and Count III Retaliation claims, include allegations of conduct that is willful, malicious, intentional, and/ or a violation of law and fall within the scope of the "14. - intentional acts exclusion" contained within the PLUP Policy Coverage L – Personal Liability.

34.　　Upon information and belief, the Count I – Sex Discrimination and Sexual Harassment and Count II – Hostile Work Environment claims, include allegations of conduct that is the result of sexual harassment, sexual misconduct, or mental abuse and fall within the scope of

the "3. - sexual harassment" exclusion contained within the PLUP Policy Coverage L – Personal Liability.

35.    Upon information and belief, the Count I – Sex Discrimination and Sexual Harassment Count II – Hostile Work Environment, and Count III – Retaliation claims, include allegations arising out of Plaintiff's employment by Noah Arnold and fall within the scope of the "6. – business pursuits" exclusion contained within the PLUP Coverage L – Personal Liability coverage.

## COUNT III – DECLARATORY JUDGMENT (PUNITIVE DAMAGES)

36.    State Farm realleges and incorporates by reference the allegations set forth in Paragraphs 1-35 above.

37.    A real and justiciable controversy exists between State Farm, Plaintiffs, and Defendants as to what defense and indemnity obligations State Farm has under the Coverage L – Personal Liability provisions of the Homeowners and PLUP Policies with respect to the claims brought and damages sought by Plaintiff against Noah Arnold.

38.    Plaintiff's claims for punitive damages are not covered by the State Farm Policies for the following reasons: (1) the punitive damages sought do not arise out of "personal injury", "bodily injury" or "property damage" as defined in either the Homeowners or PLUP Policies; and (2) the conduct which gives rise to Plaintiff's claims for punitive damages is not covered by the Coverage L – Personal Liability provision in either the Homeowners or PLUP Policy for the reasons including but not limited to, those previously set forth in this pleading.

**WHEREFORE**, State Farm Fire and Casualty Company requests a declaration of rights as follows:

1.      A declaration that State Farm has no duty to indemnify for the claims and damages asserted by Plaintiff in this case.

2.      If this Court declares that State Farm has no duty to indemnify for any claims asserted by Plaintiff in this action, a declaration that State Farm has no continuing duty to indemnify Noah Arnold for the claims and damages asserted in this action.

3.      Costs, disbursements, and other relief that are just and equitable under the circumstances; and

4.      Any other relief the Court deems just and equitable.

## JURY DEMAND

To the extent this Court finds any question with regard to insurance coverage issues, State Farm Fire and Casualty Company hereby requests a jury of twelve to determine those questions of fact, with regard to insurance coverage.

Dated this 25th day of October, 2022.

**MEISSNER TIERNEY FISHER & NICHOLS S.C.**

By: *Electronically signed by Mark D. Malloy*
Mark D. Malloy
State Bar No: 1035066
mdm@mtfn.com
Alexandria P. Staubach
State Bar No: 1124277
aps@mtfn.com
**Attorneys for Proposed Intervenor State Farm Fire and Casualty Company**

**Mailing Address**
111 East Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202-6622
(414) 273-1300
Facsimile: (414) 273-5840