**HANNAH PRIDDY,**

       Plaintiff,

                            Case No.: 2:22-cv-00474-SCD

v.

**DR. NOAH'S ARK VETERINARY CLINIC,**
**NOAH ARNOLD, ABC INSURANCE**
**COMPANY,**

       Defendants,

## AFFIDAVIT OF KIRA-LYNN SAGEL

**STATE OF WISCONSIN**    )
                          ) SS.
**COUNTY OF WAUKESHA**  )

       I, Kira-Lynn Sagel, being first duly sworn on oath, states as follows:

1. I am the secretary for Schellinger & Associates, LLC, attorneys retained to represent Noah Arnold. I make this Affidavit on personal knowledge of the documents in the court record. I make this Affidavit in Support of the Defendant Noah Arnold's *Motion for Summary Judgment.*

2. Attached hereto and marked as **Exhibit A** is a true and accurate copy of the Court Record retrieved from CCAP for Ozaukee County Case 2022PR000115, which this Defendant is requesting this Court take judicial notice hereof.

3. Attached hereto and marked as **Exhibit B** is a true and accurate copy of the Notice of Claim filed in Ozaukee County Case 2022PR000115 with a copy of plaintiff's Federal Court Complaint attached (excluding the Complaint's exhibits).

4. Attached hereto and marked as **Exhibit C** is a true and accurate copy of the probate court's signed Order in Ozaukee County Case 2022PR000115 dated January 17, 2023.

                                   *Kira-Lynn Sagel*
                                       Kira-Lynn Sagel

Subscribed and sworn to before me this _9th_ day of
March, 2023.

_Neal C. Schellinger_
Notary Public, State of Wisconsin
My Commission Expires/Is: **Permanent**

# Ozaukee County Case Number 2022PR000115 In the Estate of Noah D. Arnold

## Case summary

| | | |
|---|---|---|
| **Filing date** 06-23-2022 | **Case type** Probate | **Case status** Open - Electronic filing |
| **Class code description** Formal Proceedings | **Responsible official** Williams, Sandy A | **Branch ID** 3 |

### Party summary

| Party type | Party name | Party status |
|---|---|---|
| Petitioner | Arnold, Leslie S. | |
| Decedent | Arnold, Noah D. | |
| Personal Representative | Schulman, Joshua | |
| Resident Agent | O'Neill, Matthew | |
| Creditor | Priddy, Hannah | |

## Parties

**Petitioner: Arnold, Leslie S.**

| Date of birth | Sex | Race |
|---|---|---|

**Address (last updated 06-23-2022)**
9600 N. Lake Drive, Bayside, WI 53217 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Barwin, Jamie B. | No | 06-23-2022 |

**Decedent: Arnold, Noah D.**

| Date of birth | Date of death | Sex | Race |
|---|---|---|---|
| 03-1982 | 04-26-2022 | | |

**Address**

**Also known as**

| Name | Type | Date of birth |
|---|---|---|
| Arnold, Noah S. | Previously known as | 03-1982 |



**Personal Representative: Schulman, Joshua**

    **Date of birth**        **Sex**              **Race**

    **Address (last updated 06-24-2022)**
    4315 Avondale St, Minnetonka, MN 55345

**Resident Agent: O'Neill, Matthew**

    **Date of birth**        **Sex**              **Race**

    **Address (last updated 06-24-2022)**
    622 N Water St Suite 500, Milwaukee, WI 53202

**Creditor: Priddy, Hannah**

    **Date of birth**        **Sex**              **Race**

    **Address (last updated 11-15-2022)**
    N4790 Thill Rd, Oakfield, WI 53065

---

## Court activities

| Date | Time | Location | Description | Type | Court official |
|------|------|----------|-------------|------|----------------|
| 03-20-2023 | | | Estate closing due date | Non-court | Mueller, Connie |

## Court record

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 01-18-2023 | Affidavit of service | | | |
| 01-17-2023 | Order | Williams, Sandy A | | |

**Additional text:**

Approving Petition for Approval of Final Account, Judgment on Claims, and Return to Informal Administration.

| | | | | |
|------|-------|----------------|----------------|--------|
| 01-10-2023 | Proposed Order | | | |

**Additional text:**

Approving Petition for Approval of Final Account, Judgment on Claims, and Return to Informal Administration, filed by Atty Barwin. Forwarded to Judge's dashboard. (1/17/23-Proposed order was filed as a pdf document, attorney will refile proposed order)

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 01-09-2023 | Video conferencing | | | |
| 01-09-2023 | Hearing | Williams, Sandy A | Claudon, Nicole | |

**Additional text:**

2:00 PM Attorney Jamie B. Barwin and Attorney Jamie O'Neill appeared by video for Leslie S. Arnold. Personal Representative Joshua Schulman appeared by video.

Attorney Barwin addresses the court in regards to the petition for approval of accounts to disallow all creditor claims and explanation of deficit estate. Attorney O'Neill gives status as far as federal case.

Attorney Barwin requests that court disallow the AT&T claim that was filed after the claims date. Court grants request to disallow the AT&T claim.

Counsel requests that case remain open throughout the duration of the federal case, the final account be approved and that all claims and future claims be disallowed.

Attorney Barwin will prepare order.

End 2:13 pm

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 12-07-2022 | Affidavit of service | | | |
| 12-02-2022 | Claim against estate | | | $981.29 |

**Additional text:**

AT&T Mobility

| Date | Event | | | |
|------|-------|--|--|--|
| 12-02-2022 | Letters/correspondence | | | |

**Additional text:**

Letter from DCM Services Re: Claim

| Date | Event | | | Amount |
|------|-------|--|--|--------|
| 12-02-2022 | Claims fee paid | | | $3.00 |

**Additional text:**

22R 012196

| Date | Event | | | |
|------|-------|--|--|--|
| 11-15-2022 | Change of address notification for Priddy, Hannah | | | |

**Additional text:**

ADDRESS INFO for Hannah Priddy

Current: N4790 Thill Rd, Oakfield, WI 53065 United States  (Effective: 11-15-2022)

Prior: W2459 Woodland Rd, Iron Ridge, WI 53035 United States

| Date | Event | Court official | | |
|------|-------|----------------|--|--|
| 11-10-2022 | Affidavit of service | | | |
| 11-10-2022 | Order and notice for hearing | Williams, Sandy A | | |
| 11-10-2022 | Notes | | | |

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|

**Additional text:**

The 1/9/23 hearing is being held via video and telephone conferencing. You may join this hearing by video using the following website: https://zoom.us/j/ 845 6076 2203 (meeting ID: / 845 6076 2203) or you may join the hearing by phone by calling 1-312-626-6799 (meeting ID: / 845 6076 2203).

| | | | | |
|------|-------|----------------|----------------|--------|
| 11-09-2022 | Letters/correspondence | | | |

**Additional text:**

Letter from Atty Barwin Re: Request for 1/9/23 Hearing to be Held via Zoom. Forwarded to Judge for review. (Judge Williams has approved this request for the 1/9/23 hearing to be by Zoom for all parties).

| | | | | |
|------|-------|----------------|----------------|--------|
| 11-09-2022 | Proposed order and notice for hearing | | | |

**Additional text:**

Forwarded to Judge's dashboard.

| | | | | |
|------|-------|----------------|----------------|--------|
| 11-08-2022 | Order Submitted in PDF Format Declined | | | |

**Additional text:**

Proposed order submitted in WORD formal without 3" margin on top of document.

| | | | | |
|------|-------|----------------|----------------|--------|
| 11-08-2022 | Notes | | | |

**Additional text:**

Clerk rejected efiled document; hearing date not obtained prior to filing order for hearing.

| | | | | |
|------|-------|----------------|----------------|--------|
| 11-08-2022 | Petition | | | |

**Additional text:**

for Approval of Accounts, to Disallow All Creditor Claims and for Final Judgment, filed by Atty Barwin. Forwarded to Judge for review on 1/5/23. nj

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 11-08-2022 | Notice of assignment of judge | | | |
| 11-08-2022 | Responsible court official changed | Williams, Sandy A | | |
| 11-08-2022 | Change of class code | | | |

**Additional text:**

WCIS Class Code changed from 50102 (Informal Proceedings) to 50101 (Formal Proceedings).

| | | | | |
|------|-------|----------------|----------------|--------|
| 11-08-2022 | Demand for formal proceedings | | | |

**Additional text:**

Filed by Atty Barwin.

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 11-08-2022 | Final account | | | $10,000.00 |
| 10-05-2022 | eFiled Document Fee Paid | | | $3.00 |

Case 2:22-cv-00474-SCD   Filed 03/09/23   Page 5 of 26   Document 35

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| | **Additional text:** | | | |
| | Adjustment Number: 22A 150794, Payable Number: 142288, Receipt Number: 22R 010274, Amount: $3.00 | | | |
| 10-05-2022 | eFiled Document Fee Paid | | | $3.00 |
| | **Additional text:** | | | |
| | Adjustment Number: 22A 150793, Payable Number: 142288, Receipt Number: 22R 010274, Amount: $3.00 | | | |
| 10-05-2022 | eFiled Document Fee Paid | | | $3.00 |
| | **Additional text:** | | | |
| | Adjustment Number: 22A 150792, Payable Number: 142288, Receipt Number: 22R 010274, Amount: $3.00 | | | |
| 10-05-2022 | Claim against estate | | | $72,992.69 |
| | **Additional text:** | | | |
| | Patterson Veterinary Supply Inc | | | |
| 10-04-2022 | Claim against estate | | | $654,835.52 |
| | **Additional text:** | | | |
| | (Amended)-Bank of West | | | |
| 10-03-2022 | eFiled Document Fee Paid | | | $3.00 |
| | **Additional text:** | | | |
| | Adjustment Number: 22A 136130, Payable Number: 142228, Receipt Number: 22R 010167, Amount: $3.00 | | | |
| 10-03-2022 | Claim against estate | | | $654,835.52 |
| | **Additional text:** | | | |
| | Bank of the West | | | |
| 08-01-2022 | Claim against estate | | | $2,020.82 |

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| | **Additional text:** | | | |
| | US Bank National Assoc. | | | |
| 08-01-2022 | Letters/correspondence | | | |
| | **Additional text:** | | | |
| | Letter from DCM Services Re: Claim | | | |
| 08-01-2022 | Claims fee paid | | | $3.00 |
| | **Additional text:** | | | |
| | 22R 007992 | | | |
| 07-26-2022 | Affidavit of service | | | |
| 07-26-2022 | Proof of publication | | | |
| 07-26-2022 | eFiled Document Fee Paid | | | $20.00 |
| | **Additional text:** | | | |
| | Adjustment Number: 22A 105684, Payable Number: 140947, Receipt Number: 22R 007837, Amount: $20.00 | | | |
| 07-26-2022 | General inventory filed | | | $10,000.00 |
| 07-19-2022 | Affidavit of service | | | |
| 07-19-2022 | Notes | | | |
| | **Additional text:** | | | |
| | Emailed attorney regarding demand for formal. | | | |
| 07-18-2022 | Objection to claim | | | |
| | **Additional text:** | | | |
| | Hannah Priddy | | | |
| 06-27-2022 | Claim against estate | | | |
| | **Additional text:** | | | |
| | Hannah Priddy, no amount | | | |
| 06-26-2022 | eFiled Document Fee Paid | | | $3.00 |
| | **Additional text:** | | | |
| | Adjustment Number: 22A 090677, Payable Number: 140309, Receipt Number: 22R 006712, Amount: $3.00 | | | |

Case 2:22-cv-00474-SCD   Filed 03/09/23   Page 7 of 26   Document 35

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 06-24-2022 | Notice of estate administration deadlines | Mueller, Mary Lou | | |
| 06-24-2022 | Statement of informal administration | Mueller, Mary Lou | | |
| 06-24-2022 | Domiciliary letters issued | Mueller, Mary Lou | | |
| 06-24-2022 | Notice to creditors | Mueller, Mary Lou | | |
| 06-23-2022 | Surety bond posted/signed | | | $25,000.00 |

**Additional text:**

Joshua Schulman

| | | | | |
|------|-------|----------------|----------------|--------|
| 06-23-2022 | Proposed statement of informal administration | | | |

**Additional text:**

Forwarded to Register in Probate's dashboard.

| | | | | |
|------|-------|----------------|----------------|--------|
| 06-23-2022 | Waiver and consent | | | |

**Additional text:**

Joshua Schulman

| | | | | |
|------|-------|----------------|----------------|--------|
| 06-23-2022 | Proof of heirship | | | |
| 06-23-2022 | Proposed domiciliary letters issued | | | |

**Additional text:**

Forwarded to Register in Probate's dashboard.

| | | | | |
|------|-------|----------------|----------------|--------|
| 06-23-2022 | Consent to serve as personal representative | | | |

**Additional text:**

Joshua Schulman

| | | | | |
|------|-------|----------------|----------------|--------|
| 06-23-2022 | Proposed notice to creditors | | | |

**Additional text:**

Forwarded to Register in Probate's dashboard.

| | | | | |
|------|-------|----------------|----------------|--------|
| 06-23-2022 | Waiver and consent | | | |

**Additional text:**

Leslie Arnold

| | | | | |
|------|-------|----------------|----------------|--------|
| 06-23-2022 | Filing fee paid | | | $20.00 |

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| | **Additional text:** | | | |
| | Adjustment Number: 22A 090613, | | | |
| | Payable Number: 140278, | | | |
| | Receipt Number: 22R 006650, | | | |
| | Amount: $20.00 | | | |
| 06-23-2022 | Case initiated by electronic filing | | | |
| 06-23-2022 | Application for informal probate | | | |
| 04-26-2022 | Date of death | | | |

Case 2:22-cv-00474-SCD    Filed 03/09/23    Page 9 of 26    Document 35

FILED
06-27-2022
Ozaukee County, WI
Mary Lou Mueller RiP
2022PR000115

**STATE OF WISCONSIN, CIRCUIT COURT, <u>OZAUKEE</u>** COUNTY

IN THE MATTER OF THE ESTATE OF ☐ Amended

<u>NOAH ARNOLD</u>
Name

<u>DOD: 04/27/2022</u>

**Claim Against Estate**
☒ **Informal Administration**
☐ **Formal Administration**

Case No. <u>22-PR-115</u>

**UNDER OATH I STATE:**

1. The name and address of the claimant is:
   Name <u>Hannah Priddy</u>
   Address [Street, City, State, Zip] <u>W2459 Woodland Road, Iron Ridge, WI 53035</u>
   Phone Number <u>(414) 840-6407</u>

2. The nature and amount of this claim is: *(If claim is based on a written document, attach a complete copy.)*
   ☒ See attached

| Nature of Claim | Amount of Claim |
|---|---|
| Lawsuit for sexual harassment, hostile work environment and retaliation (see attached complaint). Decedent was sued individually, and decedent also was registered agent for Defendant corporation, of which he was sole shareholder. | $**(no dollar amount listed in complaint, as not permitted under federal law to list amount) |
| **TOTAL** | $ |

3. This amount is ☐ due.
   ☒ not yet due and will or may become due on [Date] <u>June 1, 2023</u> .

4. No payments were made on this claim which is not credited, and there were no offsets except:
   _____

5. If the decedent was survived by a spouse, the classification of the obligation under §766.55(2), Wis. Stats., is as follows:
   ☐ A. Support obligation owed spouse or child.
   ☐ B. Obligation incurred in the interest of the marriage.
   ☐ C. Obligation incurred prior to marriage or prior to January 1, 1986.
   ☒ D. Tort.
   ☒ E. Other: <u>Civil lawsuit in federal court, Priddy v. Dr. Noah's Ark Veterinary Clinic et al, E.D. Wis. 22cv0474</u>

State of <u>Wisconsin</u>
County of <u>Milwaukee</u>
Subscribed and sworn to before me on <u>06/26/2022</u>

_signature_
Notary Public/Court Official
<u>Amy A. Cade</u>
Name Printed or Typed

My commission/term expires: <u>02/20/2025</u>

☐ This notarial act involved the use of communication technology.

▶ _signature_
Claimant or Claimant's Representative
<u>Nathaniel Cade, Jr. (attorney for Claimant)</u>
Name Printed or Typed
<u>PO Box 170887, Milwaukee, WI 53217</u>
Address
<u>nate@cade-law.com</u>          <u>414.255.3802</u>
Email Address            Telephone Number
<u>06/27/2022</u>          <u>1028115</u>
Date            State Bar No. (if any)

| Form completed by: (Name) | |
|---|---|
| Nathaniel Cade, Jr. | |
| Address | |
| Cade Law Group LLC | |
| PO Box 170887, Milwaukee, WI 53217 | |
| Email Address | |
| nate@cade-law.com | |
| Telephone Number | Bar Number (If any) |
| 414.255.3802 | 1028115 |

**NOTE:** A statutory filing fee of $3.00 shall accompany each claim filed.

**EXHIBIT B**

PR-1819, 05/20 Claim Against Estate (Informal Administration and Formal Administration)     Chapter 859, §766.55, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

HANNAH PRIDDY,

      Plaintiff,

  v.

DR. NOAH'S ARK VETERINARY CLINIC;
NOAH ARNOLD; ABC INSURANCE
COMPANY,

      Defendants.

Case No.:

Jury Trial Demanded

## COMPLAINT

NOW COMES Plaintiff, Hannah Priddy ("Plaintiff"), by her attorneys, Cade Law Group, LLC, and as for her Complaint against Defendants Dr. Noah's Ark Veterinary Clinic, Noah Arnold, and ABC Insurance Company (collectively "Defendants", unless otherwise noted) alleges and shows to the Court as follows:

### INTRODUCTION

1.    This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex undertaken by Defendants, and to provide appropriate relief to Plaintiff, Hannah Priddy.

2.    Sexual harassment is a form of sex discrimination that violates Title VII. Unwelcome sexual advances and other verbal or physical conduct of a sexual nature constitute sexual harassment to the extent it affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating,

hostile, or offensive work environment. This action seeks to provide appropriate relief to Plaintiff on this basis.

3.    Title VII also bars retaliation against employees who seek to correct unlawful employment practices on the basis of sex undertaken by Defendants. This action seeks to provide appropriate relief to Plaintiff on this basis.

4.    As alleged with greater particularity below, Defendants engaged in unlawful employment discrimination against Plaintiff on the basis of her sex, and/or harassed and/or tolerated sexual harassment against her, and/or retaliated against her under Title VII.

## JURISDICTION

5.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6.    Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to action under Title VII of the Civil Rights Act of 1964, by timely filing a charge of discrimination with the EEOC on November 9, 2021, respectively. *See* **Exhibit A**.

7.    Plaintiff received notices of right to sue on April 1, 2022. *See* **Exhibit B.**

8.    This Court has supplemental jurisdiction over any other claims Plaintiff could make, pursuant to 28 U.S.C. §1367, because they would form part of the same case or controversy as the aforementioned claims.

9.    Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as

Plaintiff worked for Defendant Dr. Noah's Ark Veterinary Clinic in Shorewood, Wisconsin, which is in the Eastern District of Wisconsin, and Defendants live and/or do business in the Eastern District of Wisconsin.

## PARTIES

10.    Plaintiff Hannah Priddy ("Plaintiff" or "Ms. Priddy") is an adult female citizen of the State of Wisconsin and residing in Iron Ridge, Wisconsin. She is twenty-seven (27) years of age.

11.    Defendant Dr. Noah's Ark Veterinary Clinic ("Dr. Noah's Ark") is, and was at all material times, a Wisconsin for-profit corporation located and organized in the State of Wisconsin, for the purposes of providing veterinary services. Defendant Dr. Noah's Ark Veterinary Clinic's principal place of business is located at 4604 N. Wilson Drive, Shorewood, Wisconsin 53211.

12.    Defendant Noah Arnold is, and was at all material times, an adult white male residing, working, and doing business in the State of Wisconsin. He also is the Registered Agent of Defendant Dr. Noah's Ark Veterinary Clinic, with an address of 4606 N. Wilson Drive, Shorewood, WI 53211 and is, by reasonable belief, a licensed veterinarian and the owner of Defendant Dr. Noah's Ark Veterinary Clinic. Upon information and belief, Noah Arnold has a new personal address of 9600 Lake Drive, Bayside, Wisconsin 53217.

13.    Defendant ABC Insurance Company is believed to be, and is believed to have been at all material times, an insurance company that had in place a policy or policies which insured, totally or partially, Defendants Dr. Noah's Ark and/or Noah Arnold for any or all liability for their actions against Plaintiff.

## FACTS

14.    Plaintiff was employed by Defendants, Noah Arnold and Noah's Ark Veterinary Clinic, as a Receptionist. She began her employment with Dr. Noah's Ark in February 2017.

15.    Plaintiff's employment with the Defendant was fraught with a constant series of inappropriate interactions and incidents that made her fear for her job and personal safety. Specifically, Noah Arnold habitually engaged in conversations with Plaintiff that she found appalling and disgusting, including conversations concerning explicit and graphic descriptions of sexual intercourse, drug, use, and marital affairs Noah Arnold was involved in. Noah Arnold also routinely forced Plaintiff into uncomfortable situations between him, his wife, and his several mistresses.

16.    Early into Plaintiff's tenure, Plaintiff became aware of an affair Noah Arnold was having with the Office Manager. Noah Arnold's wife found out about the affair and shortly after, pressured him to terminate the Office Manager, who was subsequently terminated.

17.    Following this affair, Noah Arnold had several other affairs with Plaintiff's co-workers and continually asked Plaintiff to cover-up about the affairs and lie to his wife. In one such affair, Plaintiff witnessed Noah Arnold and a co-worker engage in sexual conduct in examination rooms at the clinic and after-work outings, such as when Noah Arnold invited his wife, the co-worker, and staff to Sundara's Resort. Throughout the evening, Noah Arnold and the co-worker attempted to sneak out on their own with the expectation that Plaintiff would cover for them with Noah Arnold's wife. After receiving pressure from his wife, Noah Arnold eventually terminated the co-worker, but continued

to have an affair with her and talk about it with Plaintiff at the clinic. This situation made Plaintiff uncomfortable and further, feel that she was at a disadvantage by not being romantically involved with Noah Arnold as the co-worker was awarded a pay raise and important clinical assignments that Plaintiff did not receive.

18.    In another instance, Noah Arnold detailed to Plaintiff an affair he was having with his best friend's wife. Noah Arnold stated he, his best friend, and his best friend's wife got high on valium and blacked out on the bed, and that he and the wife proceeded to have sex while his best friend was still blacked out. Noah Arnold went on to describe how his best friend's wife gave him oral sex. He laughed and said, "her face isn't that good but her body's okay." Noah Arnold also showed Plaintiff and her co-workers sexually explicit photographs of the friend's wife that she sent to him throughout the workday. Noah Arnold later hired his best friend as the clinic's Human Resource Manager, which made it awkward for Plaintiff to complain about Noah Arnold's behavior.

19.    Noah Arnold also had an affair with a co-worker that Plaintiff went to high school with. When Noah Arnold learned of Plaintiff's relationship with this mistress, he continually involved Plaintiff in situations she did not want to be in, such as accompanying him to the mistress's house, after which he would describe in detail his sexual activity and show Plaintiff graphic sexual photos the mistress sent to him.

20.    On numerous occasions, Noah Arnold asked Plaintiff very detailed questions about her sex life, including what things she had tried sexually and what things she wanted to try with her past boyfriends and/or fiancé.  Noah Arnold also took Plaintiff to house calls, during which he would often ride shirtless and consume drugs. During some of the house calls, Plaintiff waited in the car while Noah Arnold visited a mistress

or argued with his wife. One of the arguments resulted in Noah Arnold becoming so gravely wounded that he drove back to the clinic in a weakened state and had to suture himself. The wound became infected and Plaintiff had to care for it because Noah Arnold was not welcomed back into his home. Once again, Plaintiff was asked to cover up the incident. This incident traumatized Plaintiff, and further, it caused her to fear for her job because Noah Arnold's mother, who also served as the Office Manager, eventually found out and became upset at her. These situations made it extremely stressful and uncomfortable for Plaintiff to be in Noah Arnold's presence.

21.     Noah Arnold constantly talked about inappropriate things to Plaintiff and in front of her co-workers. For example, Noah Arnold told Plaintiff that, when he was a child, he often caught his dad masturbating and watching pornographic movies. On multiple occasions he also described how he and his daughter have a "special nighttime ritual" in which his daughter rubs herself between her legs while he plays guitar next to her bed. Noah Arnold proceeded to joke that his daughter would someday need therapy and that she may not be able to climax without hearing his voice. He also talked about how his son masturbates in public, including once while getting a haircut. Plaintiff found these conversations unspeakably disturbing.

22.     One afternoon, as Plaintiff was walking into the office and Noah Arnold was walking out, Noah Arnold grabbed Plaintiff's face, pulled it toward him, kissed her on the mouth, laughed in her face, and walked away. Plaintiff was shocked, humiliated, and fearful of losing her job in the event Noah Arnold's wife found out about the incident (Plaintiff had once seen a message from Dr. Arnold's wife which said she wanted Plaintiff dead for covering up his affairs). Plaintiff did not report the incident to the Office Manager,

who was Noah Arnold's mother, because of her relationship to Noah Arnold and because his mother had downplayed prior complaints from other employees.

23.     Toward the end of Plaintiff's employment, Noah Arnold opened a new clinic and hired a technician who he immediately began to have an affair with. On at least one occasion, Plaintiff caught Noah Arnold and the technician in bed in an upstairs bedroom at the clinic. Even when Plaintiff knocked on the door as instructed, Noah Arnold and the technician would not get out of bed upon her entering the room.

24.     Over the course of Plaintiff's employment, Noah Arnold used her phone to text his mistresses, to access profiles of female co-workers who had blocked him, and to read her personal text messages. When Plaintiff refused to give Noah Arnold her phone, he hacked into it while she left it unattended. He also made lewd comments about how Plaintiff's body looked in a swimsuit, how her "ass looked like a black girl's ass", and how they should be inappropriate with each other so he had something to "blackmail" her with. At a staff get-together, he encouraged employees to participate in group massages using an in-room jacuzzi, and brought alcohol and drugs for the them to consume, all of which made Plaintiff uncomfortable.

25.     On March 20, 2021, Noah Arnold texted Plaintiff to call him back to discuss work-related things. Due to past instances in which Noah Arnold had manipulated Plaintiff into calling back only to discuss non-work related matters, Plaintiff texted back and detailed exactly what had been accomplished at the clinic that afternoon. Plaintiff elaborated that she was unable to speak over the phone, either that day or the next, due to being with her family from out of town. Noah Arnold ended the conversation by telling Plaintiff to take Monday off and they would speak on Tuesday.

26.     Plaintiff took Monday off as instructed. On Monday morning, she received a text from Noah Arnold saying, "I need you more than ever and you won't even reply to me". I don't know what to think might be going on, but this is not the Hannah I'm used to". Noah Arnold sent a subsequent message saying, "Please don't come back until you call me. This is not paid leave (you're also welcome to call Phil or Ben or my mom)." **See Exhibit C**.

27.     When eventually Plaintiff talked to Noah Arnold, they discussed Noah Arnold's concerns that Plaintiff was not minding him anymore and her questions about Noah Arnold wrongfully terminating her co-worker, Garrett. During their conversation, Noah Arnold divulged personal information about Garrett and lied about why he was fired. Plaintiff told Noah Arnold his rationale for terminating Garrett was wrong.

28.     On March 29, 2021, Noah Arnold terminated Plaintiff. The Human Resource Manager, Ben, told Plaintiff the rationale was "job abandonment", which Plaintiff asserts is untrue.

29.     Because Noah Arnold is the owner of the clinic, the Office Manager is his mother, and the Human Resources Manager is friend of Noah Arnold with whose wife Noah Arnold had an affair, Plaintiff felt trapped and did not think anyone at the clinic could help her.

30.     Noah Arnold's conduct was so incessant and pervasive that Plaintiff had trouble sleeping and had to seek professional help to cope with the constant stress and anxiety. As a direct cause of Noah Arnold's actions, Plaintiff suffered damages including but not limited to: emotional distress, physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other

expenses as allowed by law.

## COUNT I – SEX DISCRIMINATION AND SEXUAL HARASSMENT

31.    Plaintiff realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

32.    Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff on the basis of her sex when Defendant Dr. Noah's Ark Veterinary Clinic tolerated Defendant Noah Arnold's sexual harassment of Plaintiff and/or failed or refused to timely and adequately investigate her internal complaint of sexual harassment, and/or failed or refused to timely and adequately address Defendant Noah Arnold's sexual harassment, and/or failed or refused to timely and adequately protect Plaintiff from Defendant Noah Arnold's sexual harassment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

33.    Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff on the basis of her sex when they made decisions about her employment, including the decision to terminate her employment, for reasons related to her sex in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

34.    As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT II – HOSTILE WORK ENVIRONMENT

35.     Plaintiff realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

36.     Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff on the basis of her sex when Defendant Noah Arnold engaged in a pattern of unwelcome sexual advances and/or other verbal or physical conduct of a sexual nature that unreasonably interfered with Plaintiff's work performance and/or created an intimidating, hostile, or offensive work environment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

37.     As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT III – RETALIATION

38.     Plaintiff realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

39.     Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully and intentionally retaliated against Plaintiff for participating in legally-protected activity in the workplace by allowing Defendant Noah Arnold to intimidate and confront Plaintiff about her internal complaint of sexual harassment and about her conversations with coworkers revealing the discriminatory nature of the termination of her employment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act

of 1964 as amended.

40.    As a result of Defendants' intentional retaliation, Plaintiff has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT IV – PUNITIVE DAMAGES

41.    Plaintiff realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

42.    Defendants ignored the long pattern of sexual harassment to which Defendant Noah Arnold subjected Plaintiff. Defendant Dr. Noah's Ark's Human Resources Manager, Janet Arnold, was aware of Noah Arnold's conduct and the situations he subjected Plaintiff to and did nothing to address it.

43.    Plaintiff tried to resolve the present case extrajudicially. One of her conditions was that Defendants conduct anti-harassment training in the workplace, and that Defendant Noah Arnold undergo therapy or counseling. Defendants ignored these demands.

44.    Plaintiff is entitled to punitive damages because Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold were reckless and malicious in discriminating, harassing, and retaliating against Plaintiff; tolerating the discrimination, harassment, and retaliation of Plaintiff; and/or ignoring Plaintiff's attempts to enact remedial measures that would have protected employees from harassment.

## RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

a.    Enter a judgment that Defendants violated Title VII of the Civil Rights Act of 1964, as amended;

b.    Enter judgment against Defendants and in favor of Plaintiff for compensatory damages;

c.    Enter judgment against Defendants and in favor of Plaintiff for monetary relief;

d.    Enter judgment against Defendants and in favor of Plaintiff for punitive damages;

e.    Order Defendants to reinstate Plaintiff;

f.    Award Plaintiff the costs of this action and reasonable attorney's fees; and

g.    Grant Plaintiff such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by a jury of her peers on all issues of fact.

Dated this 18th day of April, 2022.

**CADE LAW GROUP, LLC**
Attorneys for Plaintiff

By:    *s/Nathaniel Cade, Jr*
Nathaniel Cade, Jr.
Antonique Williams
Annalisa Pusick
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
nate@cade-law.com
antonique@cade-law.com
annalisa@cade-law.com

FILED
01-17-2023
Ozaukee County, WI
Connie Mueller RiP
2022PR000115

**DATE SIGNED: January 17, 2023**

Electronically signed by Sandy A. Williams
Circuit Court Judge

STATE OF WISCONSIN          CIRCUIT COURT          OZAUKEE COUNTY

In the Matter of the Estate of:

NOAH D. ARNOLD

File No.: 2022 PR 115

## ORDER APPROVING PETITION FOR APPROVAL OF FINAL ACCOUNT, JUDGMENT ON CLAIMS, AND RETURN TO INFORMAL ADMINISTRATION

The Petition of Joshua Schulman, as the Personal Representative of the Estate of Noah D. Arnold for the Approval of Accounts, to Disallow All Creditor Claims and for Final Judgment (the "Petition") having come for Hearing on January 9, 2023, before the Hon. Sandy A. Williams; and

The Petitioner having initiated on November 8, 2022, a Wis. Stat. § 865.03 demand for Formal Proceeding with respect to the Petition and Hearing thereon; and

Joshua Schulman, personally and by his attorney's, Jamie B. Barwin and Matthew W. O'Neill, of Fox, O'Neill & Shannon, S.C., appeared via Zoom; and all other interested parties, having received proper written notice of the Hearing; and

The Court having considered the Petition and all of the documents filed therein and the Court being duly advised in the premises, and having found as follows:

**EXHIBIT**
**C**

1.      That Noah D. Arnold (the "Decedent") died a resident of Ozaukee County, Wisconsin on April 26, 2022. The Decedent's Estate (the "Estate") was admitted to Informal Administration on June 24, 2022, and Domiciliary Letters were issued to the Petitioner on such date. The Decedent died without a Will.

2.      That Petitioner, as Personal Representative of the Estate, filed an Inventory for the Estate on July 26, 2022, setting forth a value for the Estate of $10,000.00.

3.      That Petitioner filed a Final Estate Account in this matter, pursuant to Wis,. Stat. § 862.01, for the period commencing April 26, 2022 and ending as of October 15, 2022 on November 8, 2022 (the "Accounts"), reflecting assets on hand, after expenses, of $0.00.

4.      That the following claims ("Claims") in the principal amount of $729,849.03 (excluding the Hannah Priddy claim, for which no amount was set forth) were timely filed against the Estate:

| Name of Claimant | Amount of Claim |
|---|---|
| A.    Hannah Priddy | Unknown |
| B.    U.S. Bank National Association (DCM Services) | $2,020.82 |
| C.    Bank of the West | $654,835.52 plus interest from 7/15/22 and attorney's fees and costs |
| D.    Patterson Veterinary Supply | $72,992.69 |
| **Total,** excluding claimed interest and attorney fees by Bank of the West | **$729,849.03** |

5.      That AT&T Mobility (DCM Services), filed an additional claim on December 2, 2022, in the amount of $981.29, outside of the period allowable for filing such type of claim.

6.      That as set forth in the Accounts, the expenses and liabilities of the Estate exceed the Estate Assets. As such the Estate is a Deficit Estate.

2

7.    The Petitioner mailed copies of the Petition, the Inventory and the Final Estate Account to all persons interested in the Petition with an Affidavit of Service filed November 10, 2022.

8.    That the names and addresses of the persons interested in the Estate are as follows:

(a)    Leslie S. Arnold, surviving spouse and sole heir
9600 N. Lake Drive
Bayside, WI 53217

(b)    Hannah Priddy - Claim
W2459 Woodland Road
Iron Ridge, WI 53035

(c)    U.S. Bank National Association - Claim
c/o DCM Services
1550 American Blvd. E, Suite 200
Bloomington, MN 55425-1116

(d)    Bank of the West - Claim
500 Capitol Mall, Suite 1206
Sacramento, CA 95814

(e)    Patterson Dental Supply - Claim
1031 Mendota Heights Road
St. Paul, MN 55120

9.    That Petitioner made a demand for Formal Proceeding with respect to the Hearing on the Petition pursuant to Wis. Stat. § 865.03, which demand was filed on November 8, 2022.

10.    That Notice of Hearing on the Petition was given via mail to all interested persons with an Affidavit of Service filed on November 10, 2022, swearing to the same.

11.    That no objections to the Account were made by any interested party or claimant.

NOW, THEREFORE, IT IS ORDERED, that:

1.    The Final Estate Account is approved pursuant to Wis. Stat. § 862.15.

2.    The Estate is found to be a "Deficit Estate."

3

3.     All claims filed by each of Hannah Priddy, U.S. Bank National Association (DCM Services), Bank of the West, Patterson Veterinary Supply, and any and all other claims against Noah Arnold or the Estate are discharged and forever barred.

4.     The claim by AT&T Mobility (DCM Services) is disallowed as untimely and is hereby forever barred.

5.     That the Powers of the Personal Representative are hereby reinstated as is the Informal Administration of the Estate.

6.     The Estate remains open for the sole purpose of allowing Joshua Schulman, as Personal Representative of the Estate, signatory authority to properly dispose of any and all matters brought on behalf of or by claimant, Hannah Priddy.

7.     That the Personal Representative, Joshua Schulman, be discharged upon resolution of the matter brought by Hannah Priddy, and upon the filing of the Personal Representative's Statement to Close the Estate.

Attorneys for Petitioner:
Matthew W. O'Neill
State Bar No. 1019269
Jamie B. Barwin
State Bar No. 1124353
Fox, O'Neill & Shannon, S.C.
622 N. Water Street, Suite 500
Milwaukee, WI 53202

4